[Cite as *Vossman v. AirNet Sys.*, 2013-Ohio-4675.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Dan W. Vossman, | : | |
| Plaintiff-Appellant, | : | No. 12AP-971 |
| | | (C.P.C. No. 11CV-7360) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| AirNet Systems, Inc. et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on October 22, 2013

*Law Offices of Russell A. Kelm, Russell A. Kelm, and Joanne W. Detrick*, for appellant.

*Vorys, Sater, Seymour and Pease LLP, David A. Campbell, G. Ross Bridgman, and Gregory C. Scheiderer*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

MCCORMAC, J.

{¶ 1} Plaintiff-appellant, Dan W. Vossman, appeals from a decision of the Franklin County Court of Common Pleas granting summary judgment to defendants-appellees, AirNet Systems, Inc. ("AirNet"), Tom Schaner, and Quinn Hamon (collectively "defendants"), on plaintiff's age discrimination claim under R.C. Chapter 4112. Because the evidence does not demonstrate a genuine issue of material fact for trial, we affirm.

I. Facts and Procedural History

{¶ 2} Plaintiff worked for AirNet as a pilot instructor and check airman for 17 years, during which time he instructed AirNet's pilots on aircraft operations and Federal Aviation Administration regulations. Beginning in 2008, plaintiff worked as a pilot, holding the title of Learjet Captain, until his termination on March 17, 2011. At the time of his termination, plaintiff was 49 years old and had been working for AirNet for over 20 years.

{¶ 3}   AirNet terminated plaintiff's employment after Amy Blackburn, an AirNet pilot, on February 21, 2011 informed Quinn Hamon, AirNet's chief pilot, she was uncomfortable flying with plaintiff based upon his performance in two incidents. Blackburn alleged that plaintiff in both incidents intentionally decreased the speed of the aircraft to a point at which additional loss of speed would render the aircraft unable to sustain flight, triggering an onboard warning mechanism.   Upon request, Blackburn submitted on March 14, 2011 a revised complaint detailing additional facts regarding the incidents.

{¶ 4}   On March 2, 2011, Hamon and Chad Moyer, AirNet's director of safety, informed Thomas Schaner, AirNet's director of operations, of Blackburn's concerns. Based on Blackburn's complaint, Schaner and Kim Miller, AirNet's director of human resources, began an investigation into the incidents as required by AirNet policy.  AirNet policy expressly prohibited reckless flight operations by pilots; pilots found to violate this policy were subject to discharge.

{¶ 5}   On March 9, 2011, Schaner and Miller met with plaintiff to discuss the complaint; although Schaner and Miller did not inform plaintiff of the identity of the complaining party or the nature of the complaint, plaintiff correctly identified the flights at issue. Because plaintiff's admissions partly corroborated the allegations in Blackburn's complaint, Schaner suspended plaintiff with pay until the completion of the investigation.

{¶ 6}   Schaner then attempted to solicit statements from other pilots who had recently flown with plaintiff in order to verify the allegations in Blackburn's complaint. Before Schaner was able to complete this process, however, plaintiff contacted other AirNet pilots, advising them of the circumstances of the investigation and encouraging them to submit favorable statements on his behalf.   At Schaner's request, Miller instructed plaintiff on March 12, 2011 to cease all communication with other AirNet employees regarding any topic connected to the investigation.  Following his conversation with Miller, plaintiff discussed the investigation with other AirNet pilots, including Keith McGeorge and Bill Ronk.   Upon discovering that plaintiff continued to discuss the investigation, Schaner reviewed the situation with Miller and terminated plaintiff's employment.

{¶ 7}   Plaintiff filed his complaint on June 15, 2011, alleging age discrimination in violation of R.C. Chapter 4112. Defendants filed on July 12, 2011 a motion to dismiss,

asserting plaintiff failed to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6). The trial court denied defendants' motion to dismiss on September 22, 2011.

{¶ 8} On May 15, 2012, defendants filed a motion for leave to file an amended answer, pursuant to Civ.R. 15(A), in order to assert an additional affirmative defense. The trial court granted on May 24, 2012 defendants' motion for leave to file an amended answer. Plaintiff filed on May 25, 2012 both a memorandum in opposition to defendants' motion for leave to file an amended answer and a motion for sanctions under R.C. 2323.51 and Civ.R. 11, asserting that defendants' motion for leave to file an amended answer constituted frivolous conduct. On July 17, 2012, the trial court denied plaintiff's motion for sanctions.

{¶ 9} Defendants filed a motion for summary judgment on July 30, 2012. After the parties fully briefed the issues, the trial court granted the motion for summary judgment on October 19, 2012.

## II. Assignments of Error

{¶ 10} Plaintiff appeals, assigning the following two errors:

> I. THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S AGE DISCRIMINATION CLAIM.
>
> II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING DEFENDANTS' MOTION TO AMEND THEIR ANSWER TO ASSERT A FRIVOLOUS AFFIRMATIVE DEFENSE OF AFTER ACQUIRED EVIDENCE AND IN DENYING PLAINTIFF'S MOTION FOR SANCTIONS.

## III. First Assignment of Error – Age Discrimination Claim

{¶ 11} An appellate court reviews summary judgment under a de novo standard. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995); *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994). Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds viewing the evidence most strongly in favor of the nonmoving party could reach but one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56; *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181 (1997).

{¶ 12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact by pointing to specific evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment; however, if the moving party satisfies its initial burden, summary judgment is appropriate unless the nonmoving party responds, by affidavit or as otherwise provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Id*; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle,* 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶ 13} "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party."  *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346 (1993), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356 (1992). "Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." *Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 485 (1998), citing *Turner v. Turner*, 67 Ohio St.3d 337, 341 (1993).

{¶ 14} Plaintiff argues the trial court erred in granting summary judgment because he submitted indirect evidence demonstrating a genuine issue of material fact as to whether defendants discriminated on the basis of age in violation of R.C. Chapter 4112. R.C. 4112.14(A) generally prohibits discriminatory employment practices, including discrimination on the basis of age.  *See Meyer v. United Parcel Serv., Inc.*, 122 Ohio St.3d 104, 2009-Ohio-2463, ¶ 9.  R.C. 4112.02(N) provides a right to file an age discrimination action: "An aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or equitable relief that will effectuate the individual's rights."

A. *McDonnell Douglas Burden - Shifting Framework*

{¶ 15} "To prevail in an employment discrimination case, a plaintiff must prove discriminatory intent" and may establish such intent through either direct or indirect methods of proof. *Ricker v. John Deere Ins. Co.*, 133 Ohio App.3d 759, 766 (10th Dist.1998), citing *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 583 (1996). Absent direct evidence of age discrimination, a plaintiff may indirectly establish discriminatory intent using the analysis promulgated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), as adopted by Supreme Court of Ohio in *Barker v. Scovill, Inc.*, 6 Ohio St.3d 146 (1983), and modified in *Coryell v. Bank One Trust Co. N.A.*, 101 Ohio St.3d 175, 2004-Ohio-723.

1. The Prima Facie Case

{¶ 16} Under the test as revised in *Coryell*, a plaintiff must demonstrate that he or she: "(1) was a member of the statutorily protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age." *Coryell* at paragraph one of the syllabus, modifying and explaining *Kohmescher v. Kroger Co.*, 61 Ohio St.3d 501 (1991), syllabus. Alternatively, a plaintiff can establish the fourth prong by demonstrating that a "comparable non-protected person was treated better." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582-83 (6th Cir.1992); *Clark v. Dublin*, 10th Dist. No. 01AP-458, 2002-Ohio-1440. Establishing a prima facie case " 'creates a presumption that the employer unlawfully discriminated against the employee.' " *Williams v. Akron*, 107 Ohio St.3d 203, 2005-Ohio-6268, ¶ 11, quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981).

2. The Employer's Burden of Production

{¶ 17} If a plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for discharging the employee. *Caldwell v. Ohio State Univ.*, 10th Dist. No. 01AP-997, 2002-Ohio-2393, ¶ 61, quoting *Burdine* at 253. The employer meets its burden of production by submitting admissible evidence that " '*taken as true*, would *permit* the conclusion that there was a nondiscriminatory reason for the adverse action,' " and in doing so rebuts the presumption of discrimination that the prima facie case establishes. (Emphasis sic.) *Williams* at ¶ 12, quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993).

### 3. Pretext

{¶ 18} Finally, if the employer meets its burden of production, a plaintiff must prove by a preponderance of the evidence that the employer's legitimate, nondiscriminatory reason was merely a pretext for unlawful discrimination. *Barker* at 148. " 'The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.' " O*hio Univ. v. Ohio Civ. Rights Comm.*, 175 Ohio App.3d 414, 2008-Ohio-1034, ¶ 67 (4th Dist.), quoting *Burdine* at 253. " '[A] reason cannot be proved to be "a pretext *for discrimination*" unless' " plaintiff demonstrates " '*both* that the reason was false, *and* that discrimination was the real reason.' " (Emphasis sic.) *Williams* at ¶ 14, quoting *St. Mary's Honor* at 515.

### B. *Plaintiff Established Prima Facie Case*

{¶ 19} The trial court concluded plaintiff established a prima facie case, finding plaintiff "was over the age of 40 at the time of termination, he was terminated from his employment, he was ostensibly qualified for the position, having served in that capacity for a number of years, and AirNet ultimately hired a person under the age of 40 for the job." (R. 128, Decision and Entry, at 7.)  Defendants contend plaintiff failed to establish the prima facie case for three reasons: (1) the replacement pilot had 20 years of experience, (2) the replacement pilot was not substantially younger, and (3) plaintiff was not replaced until 3 months after his suspension.

{¶ 20} Defendants' arguments lack merit.  First, defendants' assertion that plaintiff's replacement had 20 years of experience, although supported by the record, has no salience as to whether plaintiff established the prima facie case. Because plaintiff was a pilot for over 30 years and worked for AirNet for over 20 years, he was qualified for his position.

{¶ 21} Second, defendants contend plaintiff's replacement was not substantially younger because he was 39 years old at the time of the replacement. When determining whether a replacement is substantially younger, a trial court is vested with significant discretion since "the term 'substantially younger' cannot be absolutely defined and must be determined under the particular circumstances of the case." *Dautartas v. Abbott Laboratories*, 10th Dist. No. 11AP-706, 2012-Ohio-1709, ¶ 39, citing *Coryell* at paragraph two of the syllabus. Here, defendants filled plaintiff's position with a pilot who was 11 years younger than plaintiff. Considering the circumstances of the case, we cannot find

the trial court erred in determining plaintiff's replacement was substantially younger. *See Grosjean v. First Energy Corp.*, 349 F.3d 332, 336 (6th Cir.2003) ("Age differences of ten or more years have generally been held to be sufficiently substantial to meet the requirement of the fourth part of age discrimination prima facie case."); *Gross v. Illinois Tool Works, Inc.*, S.D.Ohio No. C-1-06-205 (Aug. 27, 2008) (noting replacements six and one-half years and ten years younger than the plaintiff may be considered substantially younger for purposes of the prima facie case); *Blizzard v. Marion Technical College*, N.D.Ohio 3:09CV1643 (Mar. 30, 2011), *aff'd*, 698 F.3d 275 (6th Cir.2012), *cert. denied*, 133 S. Ct. 2359 (2013).

{¶ 22} Finally, defendants argue plaintiff failed to establish the fourth element because there was a three-month lapse of time between plaintiff's termination and the hiring of the replacement. Defendants provide reference to no cases holding that such a short interval of time destroys the inference of discrimination arising from replacement by a substantially younger worker. In this instance, the three-month interval between plaintiff's termination and the hiring of a substantially younger worker to fill his duties raises a genuine issue of material fact as to whether plaintiff was replaced. *See Gross* (concluding prima facie case established where replacement hired "less than three months" after plaintiff's termination); *Simpson v. Midland-Ross Corp.*, 823 F.2d 937, 941-42 (6th Cir.1987) (finding prima facie case weakened but potentially established where employee was terminated during a reduction in force and replaced following a three-month interval). *Compare Lilley v. BTM Corp.*, 958 F.2d 746, 752 (6th Cir.1992) (declining to find replacement where employee terminated following a "downturn in the market" for the employer's products, employee's duties were assumed by his coworkers, and a nine-month interval separated employee's termination from the hiring of a new employee).

{¶ 23} Therefore, because plaintiff demonstrated defendants replaced him with a substantially younger person, we find plaintiff established a prima facie case of age discrimination.

    C. *Defendants Articulated a Legitimate, Nondiscriminatory Reason for Terminating Plaintiff's Employment*

{¶ 24} Defendants assert they terminated plaintiff because he violated a known directive. In order to conduct an unbiased investigation of Blackburn's allegations,

defendants ordered plaintiff to cease communicating with other AirNet employees regarding the complaint. Despite instructions to the contrary, it is undisputed that plaintiff continued communicating with other employees regarding the continuing investigation.

{¶ 25} Plaintiff does not contest that defendants established a legitimate, nondiscriminatory reason by "clearly set[ting] forth, through the introduction of admissible evidence, the reasons for the plaintiff's [termination]." *Burdine* at 255.

D. *Plaintiff Did Not Establish Defendants' Reason Was Pretextual*

{¶ 26} The final step in the *McDonnell Douglas* analysis is whether plaintiff established defendants' legitimate nondiscriminatory reason was pretext for unlawful discrimination because of age.

{¶ 27} In order to establish that defendants' reason was pretext, plaintiff must prove either " '(1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate his discharge, or (3) that they were insufficient to motivate discharge.' " *Sweet v. Abbott Foods, Inc.*, 10th Dist. No. 04AP-1145, 2005-Ohio-6880, ¶ 34, quoting *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir.1994). *Knepper v. Ohio State Univ.*, 10th Dist. No. 10AP-1155, 2011-Ohio-6054, ¶ 12 (stating "[a] reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason"). The ultimate burden rests with the plaintiff to present evidence that demonstrates discrimination was the real reason for the termination. *Dautartas* at ¶ 31 (stating " '[t]he ultimate inquiry in an employment-based age discrimination case is whether an employer took adverse action "because of" age; that age was the "reason" that the employer decided to act' "), quoting *Miller v. Potash Corp. of Saskatchewan, Inc.*, 3d Dist. No. 1-09-58, 2010-Ohio-4291, ¶ 21.

{¶ 28} Plaintiff contends defendants' reason was insufficient to motivate his discharge under the third prong of *Manzer* since similarly-situated employees received more favorable treatment despite engaging in the same conduct. To establish that defendants' legitimate, nondiscriminatory reason was insufficient, plaintiff must present "evidence that other employees, particularly employees not in the protected class, were not fired even though they engaged in substantially identical conduct to that which the employer contends motivated its discharge of the plaintiff." *Id.* at 1084.

{¶ 29} To demonstrate that a coworker is similarly-situated, "the plaintiff and the employee with whom the plaintiff seeks to compare himself or herself must be similar in 'all of the *relevant* aspects.' " (Emphasis sic.) *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir.1998), quoting *Pierce v. Commonwealth Life Ins. Co.*, 825 F.Supp 783, 802 (E.D.Ky.1993). Courts must determine the relevant factors based upon the particular circumstances of the case. *Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 348 (6th Cir.2012); *Jackson v. FedEx Corporate Servs., Inc.*, 518 F.3d 388, 394 (6th Cir.2008). In cases alleging a "discriminatory disciplinary action resulting in the termination of the plaintiff's employment[,] * * * 'the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.' " *Ercegovich* at 352, quoting *Mitchell* at 583. *See also Pierce* at 802; *Bucher v. Sibcy Cline, Inc.*, 137 Ohio App.3d 230, 243 (1st Dist.2000).

{¶ 30} Plaintiff specifically claims that AirNet did not equally enforce a policy that investigations were to be confidential because other employees also discussed the investigation as it was ongoing, but were not terminated. However, AirNet did not claim to have a policy that investigations were to be confidential. Rather, Schaner and Miller instructed plaintiff to cease discussing the complaint because, by actively recruiting other employees to lobby on his behalf to management, he was disrupting the ongoing investigation into the truth of Blackburn's complaint. Although plaintiff notes that other pilots also discussed the investigation with one another, he does not contend that any of the alleged comparables were the subject of an ongoing investigation. Further, plaintiff stated he was unaware of any pilot who was asked to maintain confidentiality and then breached that agreement.

{¶ 31} Because other employees did not engage in the same conduct without differentiating or mitigating circumstances, plaintiff has failed to demonstrate that the alleged comparators were similarly situated. *See Ercegovich* at 352. Therefore, plaintiff did not establish that defendants' legitimate, nondiscriminatory reason was insufficient to motivate discharge.

{¶ 32} Plaintiff additionally asserts defendants' reason was pretext because he alleges it is an unfair labor practice under the National Labor Relations Act ("NLRA") for

an employer to prohibit an employee from discussing an ongoing investigation with coworkers.  Regardless of whether the NLRA proscribes such activity, this court does not have jurisdiction to consider the question. *See San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon,* 359 U.S. 236, 244 (1959); *Indep. Elec. Contrs. of Greater Cincinnati, Inc. v. Hamilton Cty. Div. of Pub. Works*, 101 Ohio App.3d 580, 583 (1st Dist.1995). As a result, plaintiff's claim that defendants violated the NLRA does not give rise to a finding of pretext.

{¶ 33} In conclusion, plaintiff cannot establish that defendants' legitimate nondiscriminatory reason was pretext for discrimination based on age. Plaintiff also failed to present evidence that discrimination was the "but for" cause for defendants' decision. *See Gross* at 180; *Coryell* at ¶ 18; *Dautartas* at ¶ 31. Accordingly, plaintiff's first assignment of error is overruled.

## IV. Second Assignment of Error

{¶ 34} In his second assignment of error, plaintiff asserts the trial court erred by granting defendants' motion for leave to file an amended answer and denying plaintiff's motion for sanctions.

{¶ 35} Defendants submitted a motion for leave to file an amended answer in order to assert an additional affirmative defense based on after-acquired evidence.  Keith McGeorge, another AirNet pilot, stated that he received a text message from plaintiff following his termination which McGeorge found to be threatening.  In his deposition testimony, plaintiff confirmed that, following his termination, he sent a text message to McGeorge. Plaintiff additionally confirmed that AirNet policy prohibited threats to coworkers.  Based on plaintiff's testimony, combined with statements from McGeorge, defendants contended that the defense was applicable to plaintiff's conduct following his termination because defendants would have terminated plaintiff for engaging in such conduct had plaintiff not already been terminated.

### A. Motion for Leave to File an Amended Answer

{¶ 36} Because " 'the language of Civ.R. 15(A) favors a liberal amendment policy[,] * * * a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party.' " *Simmons v. Am. Pacific Ents., L.L.C.*, 164 Ohio App.3d 763, 2005-Ohio-6957, ¶ 9 (10th Dist.), quoting *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6 (1984). Prejudice to an opposing party is the most critical factor to be

considered in determining whether to grant leave to amend. *Simmons* at ¶ 9, citing *Frayer Seed, Inc. v. Century 21 Fertilizer & Farm Chems., Inc.*, 51 Ohio App.3d 158, 165 (3rd Dist.1988).

{¶ 37} We review a trial court's decision on a motion to amend under an abuse-of-discretion standard. *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 122 (1991); *Fouad v. Velie*, 10th Dist. No. 01AP-283 (Nov. 8, 2001). An abuse of discretion connotes more than an error of law or judgment; it suggests the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 38} Whereas plaintiff contends that defendants' motion to amend based on after-acquired evidence was contrary to law, plaintiff does not assert the trial court acted unreasonably, arbitrarily, or unconscionably in granting defendants' motion to file an amended answer. *See Lopez-Ruiz v. Botta*, 10th Dist. No. 11AP-577, 2012-Ohio-718, ¶ 13 ("Under the abuse of discretion standard, an appellate court may not merely substitute its judgment for that of the trial court."), citing *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 131 (1989). Plaintiff does not demonstrate prejudice resulting from the granting of the motion. *See Simmons* at ¶ 9. Therefore, the trial court did not err in granting defendants leave to file an amended answer.

*B. Motion for Sanctions*

{¶ 39} Civ.R. 11 provides: "The signature of an attorney * * * constitutes a certificate by the attorney * * * that the attorney * * * has read the document; that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." An attempt to seek sanctions under Civ.R. 11 requires the trial court to consider "whether the attorney signing the document has read the pleading, harbors good grounds to support it to the best of his or her knowledge, information, and belief, and did not file it for purposes of delay." *Judd v. Meszaroz*, 10th Dist. No. 10AP-1189, 2011-Ohio-4983, ¶ 21, citing *Ceol v. Zion Industries, Inc*, 81 Ohio App.3d 286, 291 (9th Dist.1992). If the court finds a willful violation of the rule, it may award the opposing party its attorney fees and expenses. Civ.R. 11.

{¶ 40} Pursuant to R.C. 2323.51, a court may "award * * * court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with a civil action or appeal * * * to any party to the civil action or appeal who was adversely affected by

frivolous conduct." R.C. 2323.51(B)(1). "Conduct" includes "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, * * * or the taking of any other action in connection with a civil action." R.C. 2323.51(A)(1)(a). "Frivolous conduct" is conduct that (1) obviously serves merely to harass or maliciously injure another party to the civil action; (2) is not warranted under existing law and cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law; or (3) consists of allegations or other factual contentions that have no evidentiary support or are not likely to have evidentiary support after a reasonable opportunity for further investigation. R.C. 2323.51(A)(2)(a).

{¶ 41} "No single standard of review applies in R.C. 2323.51 cases; the inquiry is one of mixed questions of law and fact." *Judd* at ¶ 18, citing *Wiltberger v. Davis*, 110 Ohio App.3d 46, 51 (10th Dist.1996). Initially, the court must conduct a factual inquiry to determine whether the party's conduct was frivolous. *Judd* at ¶ 18. "Review of a trial court's factual determinations involves some degree of deference, and we will not disturb a trial court's findings of fact where the record contains competent, credible evidence to support such findings." *Id.*, citing *Wiltberger* at 52.

{¶ 42} " 'A determination that conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis.' " *Stuller v. Price*, 10th Dist. No. 03AP-30, 2003-Ohio-6826, ¶ 14, quoting *Sain v. Roo*, 10th Dist. No. 01AP-360 (Oct. 23, 2001). *See also Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, ¶ 20-21 (1st Dist.); *Judd* at ¶ 19. We review pure questions of law under a de novo standard. *Id.* at ¶ 19.

{¶ 43} Here, plaintiff argues that defendants' assertion of an after-acquired evidence defense in their amended answer was without legal merit. In response to plaintiff's motion for sanctions, defendants asserted that an after-acquired evidence affirmative defense is appropriate where the employer discovered wrongdoing on the part of the terminated employee following termination. In support of this position, defendants provided reference to *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995), which stated that employers could rely upon after-acquired evidence of wrongdoing to limit an award of damages where the employer establishes that "the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds

alone if the employer had known of it at the time of the discharge." *Id.* at 362-63. As defendants provided adequate support for the amended answer to demonstrate that it was warranted under existing law or could be supported by a good-faith argument for an extension, modification, or reversal of existing law, we cannot find their action was without legal merit.

{¶ 44} Under the circumstances of this case, defendants did not engage in frivolous conduct under R.C. 2323.51 nor violate Civ.R. 11 in asserting an after-acquired evidence defense based on plaintiff's conduct following his termination. *Callahan v. Akron Gen. Med. Ctr.*, 9th Dist. No. 24434, 2009-Ohio-5148, ¶ 25, 30. As a result, the trial court did not err in denying plaintiff's motion for sanctions. Accordingly, plaintiff's second assignment of error is overruled.

## V. Disposition

{¶ 45} Having overruled plaintiff's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

CONNOR and DORRIAN, JJ., concur.

McCORMAC, J., retired, formerly of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).