[Cite as *Price v. Dept. of Rehab & Corr.*, 2014-Ohio-3522.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Raymond Price, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-11 |
| v. | : | (Ct. of Cl. No. 2012-05959) |
| Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on August 14, 2014

*Swope and Swope* and *Richard F. Swope*, for appellant.

*Michael DeWine*, Attorney General, *Stacy Hannan* and *Frank S. Carson*, for appellee.

APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Raymond Price ("appellant"), appeals the December 4, 2013 judgment of the Court of Claims of Ohio granting summary judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the reasons that follow, we affirm the judgment of the trial court.

I. Facts and Procedural History

{¶ 2} Appellant, at all times relevant to the instant matter, was an inmate in the custody of ODRC at the Hocking Correctional Facility. On July 2, 2012, while walking to the restroom, appellant tripped over a large chair and fell.

{¶ 3}   On August 3, 2012, appellant, proceeding pro se, filed a complaint in the trial court, alleging ODRC negligently positioned the chair so as to create a hazard. On November 9, 2012, appellant, with the representation of counsel, filed an amended complaint.

{¶ 4}   On October 10, 2013, ODRC filed a motion for summary judgment pursuant to Civ.R. 56. After being fully briefed by the parties, the trial court granted ODRC's motion for summary judgment on December 4, 2013.

## II. Assignments of Error

{¶ 5}   Appellant appeals assigning the following error for our review:

THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

{¶ 6}   An appellate court reviews summary judgment under a de novo standard. *Reed v. Davis*, 10th Dist. No. 13AP-15, 2013-Ohio-3742, ¶ 9. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists; (2) the moving parties are entitled to judgment as a matter of law; and (3) reasonable minds viewing the evidence most strongly in favor of the nonmoving party could reach but one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56; *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, ¶ 11.

{¶ 7}   The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact by pointing to specific evidence of the type listed in Civ.R. 56(C). *Todd* at ¶ 12, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment; however, if the moving party satisfies its initial burden, summary judgment is appropriate unless the nonmoving party responds, by affidavit or as otherwise provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Id.*; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶ 8}   " 'Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party.' " *Vossman v.*

*AirNet Sys.*, 10th Dist. No. 12AP-971, 2013-Ohio-4675, ¶ 13, quoting *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346 (1993), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356 (1992). " 'Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion.' " *Vossman* at ¶ 13, quoting *Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 485 (1998), citing *Turner v. Turner*, 67 Ohio St.3d 337, 341 (1993).

{¶ 9}   "To prevail in a negligence action, the plaintiff must show (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, ¶ 21. While the state is not an insurer of the safety of inmates, the state generally owes a duty of reasonable care and protection from harm to inmates under its custody. *Williams v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-1193, 2005-Ohio-2669, ¶ 8, citing *Briscoe v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 02AP-1109, 2003-Ohio-3533, ¶ 15. A plaintiff is also required to use reasonable care to ensure his or her own safety. *Briscoe* at ¶ 20.

{¶ 10} The open-and-obvious doctrine "eliminates the common law duty of ordinary care to maintain the premises in a reasonably safe condition and to warn invitees of latent or hidden dangers that a premises owner owes to invitees." *Mann v. Northgate Investors L.L.C.*, 10th Dist. No. 11AP-684, 2012-Ohio-2871, ¶ 9, *affirmed* 138 Ohio St.3d 175, 2014-Ohio-455. The rationale underpinning the open-and-obvious doctrine is that "the open and obvious nature of the hazard itself serves as a warning, so that owners reasonably may expect their invitees to discover the hazard and take appropriate measures to protect themselves against it." *Id.* "The 'open and obvious doctrine,' where warranted, may be applied in actions against the ODRC with the result that ODRC would owe no duty to an injured inmate." *Williams* at ¶ 8.

{¶ 11} "If the record reveals no genuine issue of material fact as to whether the hazard was free from obstruction and readily appreciated by an ordinary person, the open and obvious nature of the danger may appropriately be determined as a matter of law." *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 19. However, a question remains for trial "if reasonable minds could differ about whether the hazard was free from obstruction and readily appreciated by an ordinary person." *Id. See*

*also Strother v. Hutchinson*, 67 Ohio St.2d 282, 286 ("To entitle the plaintiff in a personal injury suit to have his case submitted to a jury, it is necessary that the plaintiff produce some evidence upon every element essential to establish liability, or produce evidence of a fact upon which a reasonable inference may be predicated to support such element.").

{¶ 12} Here, the parties do not dispute that appellant tripped and fell over a chair that was moved by an employee of ODRC to a position on the route from the inmate's common area to the restroom, which appellant was attempting to reach. Appellant acknowledges that, on the same day prior to the incident in question, he was aware of the chair and maneuvered around it. Appellant, however, contends that attendant circumstances existed at the time of the incident, rendering the open-and-obvious doctrine inapplicable.

{¶ 13} Attendant circumstances can serve as an exception to the open-and-obvious doctrine where the circumstances are " 'so abnormal that [they] unreasonably increase[] the normal risk of a harmful result or reduce[] the degree of care an ordinary person would exercise.' " *Mayle* at ¶ 20, quoting *Cummin v. Image Mart, Inc.*, 10th Dist. No. 03AP-1284, 2004-Ohio-2840, ¶ 10. "The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. * * * Both circumstances contributing to and those reducing the risk of the defect must be considered." (Citations omitted.) *Mayle* at ¶ 20. "Although not an exhaustive list, attendant circumstances can include the following: poor lighting, a large volume of pedestrian traffic, the visibility of the defect, the overall condition of the walkway, and whether the nature of the site is such that one's attention would be easily distracted." *Id.* at ¶ 22.

{¶ 14} Appellant asserts that the following attendant circumstances were present: dim lighting caused by a power outage following a storm, crowding in the aisle near the restroom due to others coming and going from the restroom, and the configuration of the chair which obscured the wheels on its legs. Appellant also argues that, at the time of the incident, he was trying to reach the restroom with haste because he was experiencing incontinence as a result of a bladder condition.

{¶ 15} First, we examine appellant's contention that the placement and configuration of the chair contributed to the hazard. Testimony and exhibits reflect that

the chair had several legs situated near the ground with wheels attached to the bottom of the legs. Appellant does not contend that the chair was in any way defective, and it cannot be said that the chair was configured in such a way as to obscure its presence or enhance its inherent danger. *See Cummin* at ¶ 10 ("The existence and placement of the chair was not so abnormal that it unreasonably increased the normal risk of a harmful result or reduced the degree of care an ordinary person would exercise."). Absent circumstances increasing the inherent danger, the existence of the chair in this setting is "no different than the existence of any other stationary object that may be encountered and must be avoided in the normal course of daily life." *Id.*

{¶ 16} Further, appellant, along with other inmates, testified that he was aware of the chair's position that day prior to the time of the incident. Indeed, appellant saw the chair being repositioned and had already maneuvered around the chair without incident once that morning before his fall. As a result, appellant, exercising reasonable care, should have been familiar with the position of the chair and taken steps to ensure his safety while passing it. *See Mayle* at ¶ 24; *Bonner v. Glassman*, 8th Dist. No. 96924, 2012-Ohio-86, ¶ 31 (attendant-circumstances exception does not apply where "circumstances should have led the plaintiff to exercise *heightened* care for his personal safety" (emphasis sic)).

{¶ 17} Regarding the lighting of the area in which the incident occurred, other inmates testified that, although there was no electric lighting due to the power outage, there was sufficient natural light to play cards, see the chair and podium on the path to the restroom, and even to see appellant's feet as he tripped over the chair. Appellant admitted that some natural light from the windows illuminated the room and that it was customary during the summer for the guards to turn off some lighting in the area since natural light was sufficient. Even if the lighting was dimmer than normal, "darkness is always a warning of danger, and may not be disregarded." *McCoy v. Kroger Co.*, 10th Dist. No. 05AP-7, 2005-Ohio-6965, ¶ 14, citing *Jeswald v. Hutt*, 15 Ohio St.2d 224, 227 (1968).

{¶ 18} With regard to crowding on the path to the restroom, appellant testified that, at the time he was attempting to reach the restroom, he was aware of four or five inmates in front of him moving toward the restroom and some inmates moving in the

opposite direction. Appellant suggests that this crowding and the narrowness of the space made it difficult to move past the chair and contributed to the danger of the defect. However, these conditions were not abnormal in their occurrence as other inmates testified that the space was small and regularly crowded.

{¶ 19} The presence of a crowd in and of itself does not constitute an attendant circumstance so as to preclude the open-and-obvious doctrine. *Vanderbilt v. Pier 27, LLC*, 12th Dist. No. CA2013-02-029, 2013-Ohio-5205, ¶ 20 (crowd of persons around a fire pit outside a restaurant did not constitute an attendant circumstance). Given that appellant was aware of the confines of the space, having successfully traversed the area to reach the restroom earlier on the same day, we cannot find that the foot traffic and dimensions of the space created an attendant circumstance. *McQueen v. Kings Island*, 12th Dist. No. CA2011-11-117, 2012-Ohio-3539, ¶ 21 (rejecting plaintiff's argument that the presence of a crowd was a distraction qualifying as an attendant circumstance because plaintiff was not facing unique circumstances or circumstances of which she was unaware given prior experience with the area).

{¶ 20} Finally, we address appellant's contention that his bladder condition caused a distraction that qualifies as an attendant circumstance. While appellant's condition is not in dispute, it is an internal, subjective condition, rather than an external, objective circumstance. *See Jenkins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-787, 2013-Ohio-5106, ¶ 18 ("[A]n individual's particular sensibilities do not play a role in determining whether attendant circumstances make the individual unable to appreciate the danger."); *Huey v. Neal*, 152 Ohio App.3d 146, 2003-Ohio-391, ¶ 13 (3d Dist.) (finding that "the fact that [the plaintiff] was in a hurry to get home is not an attendant circumstance"). Although appellant was distracted by his own urgency, this would not reduce the degree of care that an ordinary person would exercise.

{¶ 21} Viewing the evidence most strongly in favor of appellant, reasonable minds could only conclude that the placement of the chair was an open-and-obvious hazard in that it was both observable and appreciable by an ordinary person, and such person would be expected to discover the hazard and take measures to protect himself or herself. *See Mayle* at ¶ 30. The circumstances present at the time of the incident, taken together, were not so abnormal as to divert the attention of appellant, significantly enhance the

danger of the hazard, and contribute to the fall. *See id.* at ¶ 20. Therefore, we find that the evidence does not support application of the attendant-circumstances exception to the open-and-obvious doctrine and, as a result, appellant cannot establish that ODRC owed a duty to warn him regarding the chair over which he tripped. *See Briscoe* at ¶ 20; *Williams* at ¶ 15-16.

{¶ 22} Because appellant failed to demonstrate that a genuine issue of material fact remained for trial, the trial court properly granted ODRC's motion for summary judgment. *Mayle* at ¶ 19; *Strother* at 286. Accordingly, appellant's assignment of error is overruled.

## III. Disposition

{¶ 23} Having overruled appellant's sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

_____