[Cite as *Feathers v. Ohio Dept. Rehab. & Corr.*, 2017-Ohio-8179.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

David Feathers,                                    :

    Plaintiff-Appellant,                   :

                                                               No. 16AP-588

v.                                                 :          (Ct. of Cl. No. 2014-00783)

Ohio Department of Rehabilitation            :          (REGULAR CALENDAR)
and Correction,

                                              :

    Defendant-Appellee.                   :

                                              :

---

D E C I S I O N

Rendered on October 12, 2017

---

**On brief:** *Swope and Swope - Attorneys at Law*, and *Richard F. Swope*, for appellant. **Argued:** *Richard F. Swope.*

**On brief:** *Michael DeWine*, Attorney General, *Peter E. DeMarco*, and *Timothy M. Miller*, for appellee. **Argued:** *Timothy M. Miller.*

---

APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1} Plaintiff-appellant, David Feathers, appeals a July 20, 2016 judgment of the Court of Claims of Ohio which overruled his objections to the March 16, 2016 magistrate decision in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On September 25, 2014, appellant filed a complaint against appellee. The complaint alleged that, in early April 2014, appellee negligently, and contrary to their policies and procedures, required appellant, while restrained, to ascend stairs without

assistance, supervision, or escort, knowing that appellant was still suffering from injuries and also had no way to prevent a fall. Appellant alleged that such negligence caused him to trip and fall down the stairs, injuring his head, face, neck, eyes, right leg, and body, as well as causing constant pain, suffering, and emotional distress.

{¶ 3} At trial before a magistrate, on the issue of liability, appellant testified that he was an inmate at the Grafton Correctional Institution in the segregation unit. According to appellant, he was ordered to ascend stairs from the first to the second floor while wearing handcuffs on the front of his body. The handcuffs were secured to a tightly secured belly band. Appellant was wearing shower shoes at the time. Appellant testified he believed he also was wearing leg irons, but was not positive. Appellant stated:

> Going - - I was ordered to come up the stairs from the bottom of the stairs. About three-quarters of the way up, the shower shoe caught the tread underneath the concrete stairs. I couldn't grab the rail with my other hand to break the fall. And I couldn't break the fall by letting my arms down, so my leg - - I went down a few treads.
>
> My left leg went through the riser of the concrete stairs. My left side of my face smashed on the upper riser of the concrete stairs, and basically my head is what broke the fall. I couldn't break it by hand touch.

(Tr. at 16.)

{¶ 4} Appellant presented documents related to the incident and subsequent investigation: the initial inmate accident report form containing appellant's description of the incident, an informal complaint resolution form containing another description of the incident from appellant and a response from a corrections officer, the notification of grievance form appellant filed following his informal complaint, and the disposition of grievance form and inspector's report that resulted from his grievance filing. Appellant also introduced a record of the entries made by corrections officers in an electronic log book for the segregation unit on April 7, 2014, and a copy of the post orders that applied to the segregation unit as of that date. Appellant's counsel argued the corrections officers violated section (J)(4) of the post orders for the segregation unit ("Post Order (J)(4)"), which provided as follows:

### J. Recreation

* * *

4. Upon completion of the recreation period, the inmate will be handcuffed and belly chained before the door is opened and will be escorted to his cell where restraints will be removed through the cuff port only after the door has been secured.

(Plaintiff's Ex. 7 at 15.)   Appellant asserted the corrections officers violated Post Order (J)(4) by failing to escort him up the stairs while returning him to his cell, and that this violation resulted in his injuries.  Appellee presented testimony from Ronald J. Hoesel, who was working as a corrections officer on the day of the incident.  Hoesel testified about the policies on the segregation unit, but admitted he had no specific recollection of the particular incident when appellant fell.

{¶ 5}   On March 16, 2016, the magistrate filed a decision which found that the totality of the evidence demonstrated that appellee did not breach its duty of care toward appellant because: (1) appellant had the ability to grip one of the handrails that ran the length of the stairs on both sides and failed to do so or only had a loose grip on the rail, (2) appellant did not ask for any assistance and it was not unreasonably dangerous for him to negotiate the stairs by himself while restrained, (3) appellee did not violate Post Order (J)(4) and that such post order was not designed to protect inmates but, rather, as a security measure.  The magistrate further found the evidence also established that appellant's injuries proximately resulted from his own negligence as he did not exercise appropriate care for his own safety insofar as he did not pick up his feet enough to avoid them getting caught underneath a stair tread, and he did not utilize the handrail.  The magistrate thus recommended judgment in favor of appellee.

{¶ 6}   Appellant filed the following objections to the magistrate's decision:

[I.] The Magistrate erred in ruling violation of [appellee's] regulations, policies, or orders, is not evidence of lack of ordinary care;

[II.] The Magistrate erred in ruling the block order requiring escort was not a safety provision and solely a security measure;

[III.] The Magistrate erred in ruling plaintiff was guilty of contributory negligence because he was not able to firmly grip the handrail as he ascended the steps;

[IV.] The Magistrate, without any testimony, erred in holding [appellant] had not been to recreation based solely on [appellant's] dim recollection as to the facts;

[V.] The Magistrate erred in ruling failure to escort shackled inmates up and down stairs was not a violation of ordinary care; and

[VI.] The Decision of the Magistrate is against the manifest weight of the evidence and contrary to law.

{¶ 7} On July 20, 2016, the Court of Claims overruled all six of appellant's objections to the magistrate's decision. The court considered objections one, two, five, and six and found no error with the magistrate's decision finding that appellant failed to establish appellee's alleged violation of its own post orders and that a failure to support appellant while restrained was not a breach of ordinary care. The court then considered objection three and found that appellee is not an insurer of inmate safety and appellant had a duty to ensure his own safety by wearing proper footwear and gripping the handrail. Next, the court considered objection four and found that appellant's testimony indicated he was not at recreation at the time of his fall and also that appellant had failed to introduce any evidence that appellee's regulations define "escort" as physically supporting an inmate anytime they are belly chained and handcuffed.

{¶ 8} Appellant has timely appealed the decision of the Court of Claims.

## II. Assignments of Error

{¶ 9} Appellant assigns the following six assignments of error for our review:

[I.] THE TRIAL COURT AND THE MAGISTRATE ERRED IN RULING VIOLATION OF DEFENDANT-APPELLEE'S REGULATIONS, POLICIES, OR ORDERS, IS NOT EVIDENCE OF LACK OF ORDINARY CARE.

[II.] THE TRIAL COURT AND THE MAGISTRATE ERRED IN RULING THE BLOCK ORDER REQUIRING AN ESCORT WAS NOT A SAFETY PROVISION AND SOLELY A SECURITY MEASURE.

[III.] THE TRIAL COURT AND MAGISTRATE ERRED IN RULING PLAINTIFF WAS GUILTY OF CONTRIBUTORY NEGLIGENCE BECAUSE HE WAS NOT ABLE TO FIRMLY GRIP THE HANDRAIL AS HE ASCENDED THE STEPS.

[IV.] THE TRIAL COURT AND THE MAGISTRATE, WITHOUT ANY TESTIMONY, ERRED IN HOLDING PLAINTIFF-APPELLANT HAD NOT BEEN TO RECREATION BASED SOLELY ON PLAINTIFF-APPELLANT'S DIM RECOLLECTION AS TO THE FACTS.

[V.] THE TRIAL COURT AND MAGISTRATE ERRED IN RULING FAILURE TO ESCORT SHACKLED INMATES UP AND DOWN STAIRS WAS NOT A VIOLATION OF ORDINARY CARE.

[VI.] THE DECISIONS OF THE TRIAL COURT AND THE MAGISTRATE ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## III. Discussion

{¶ 10} When objections are filed to a magistrate's decision, the trial court must undertake an independent de novo review of the matters objected to in order "to ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). *See also James v. My Cute Car, LLC*, 10th Dist. No. 16AP-603, 2017-Ohio-1291, ¶ 13. "The standard of review on appeal from a trial court judgment that adopts a magistrate's decision varies with the nature of the issues that were (1) preserved for review through objections before the trial court and (2) raised on appeal by assignment of error." *In re Guardianship of Schwarzbach*, 10th Dist. No. 16AP-670, 2017-Ohio-7299, ¶ 14.

{¶ 11} We begin with appellant's fourth assignment of error, which asserts the magistrate erred by finding that appellant was not returning from recreation when he fell and that the Court of Claims erred by adopting that finding. The magistrate's decision noted that an entry in the electronic log book made on the day of the incident and a subsequent inspector's report indicated that appellant had been at recreation prior to the incident, but found that the evidence at trial failed to explain or support those statements. The magistrate concluded appellant had not been at recreation and was not returning from recreation when the incident occurred. Accordingly, the magistrate concluded that Post Order (J)(4) did not apply and that the corrections officers did not violate that order

by failing to escort appellant up the stairs. In overruling appellant's objections and adopting this finding, the Court of Claims concluded that appellant's testimony established he was not returning from recreation when he fell, but, instead, that he had been removed from his cell and instructed to wait downstairs during a search. Appellant argues the magistrate and Court of Claims erred by relying on his limited recollection of the incident, rather than the notations included in the log book and inspector's report.

{¶ 12} Appellant effectively argues the magistrate's conclusion that he was not returning from recreation when the incident occurred was against the manifest weight of the evidence. An appellate court will not reverse a judgment as being against the manifest weight of the evidence if some competent, credible evidence supports all the essential elements of the case. *Coffman v. Mansfield Corr. Inst.*, 10th Dist. No. 09AP-447, 2009-Ohio-5859, ¶ 10. In making this determination, we give deference to the trial court's findings of fact because it is best able to observe the witnesses and use its observations in weighing the credibility of the testimony. *Id.* "A reviewing court may reverse a judgment on the ground that the judgment is against the manifest weight of the evidence only ' "if * * * the verdict is so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice." ' " *Cantwell Mach. Co. v. Chicago Mach. Co.*, 184 Ohio App.3d 287, 2009-Ohio-4548, ¶ 14 (10th Dist.), quoting *Royer v. Bd. of Edn. of C.R. Coblentz Local School Dist.*, 51 Ohio App.2d 17, 20 (12th Dist.1977), quoting *Jacobs v. Benedict*, 39 Ohio App.2d 141, 144 (1st Dist.1973).

{¶ 13} Appellant introduced at trial a copy of the electronic log book maintained by corrections officers in the segregation unit. Hoesel testified that every event that occurred on the segregation unit was entered in the log book. An entry in the electronic log book indicated appellant was returning from recreation when he fell on the stairs. Hoesel testified the log book entry was made by Corrections Officer Hogan and that he had no specific recollection of the incident. Appellant also introduced a report issued by the inspector of institutional services in response to appellant's grievance. The inspector's report referred to Post Order (J)(4), but did not contain an express finding that appellant was returning from recreation when he fell. In his testimony before the magistrate, appellant did not indicate that he was returning from recreation when the incident

occurred. Instead, appellant simply testified that he was removed from his cell on the second tier of the unit and taken to the lower tier. He testified he had been on the lower tier approximately ten minutes before he was ordered to ascend the stairs. Moreover, neither appellant's initial description of the incident, contained in the inmate accident report he signed on the date of the incident, nor appellant's initial informal complaint, submitted four days after the incident, contain any mention of appellant returning from recreation when the incident occurred. Thus, there was some evidence suggesting appellant may have been returning from recreation when the incident occurred and other evidence suggesting he was not. Under these circumstances, based on the evidence presented to the magistrate, we cannot conclude that the magistrate's finding that appellant was not returning from recreation when the incident occurred was "so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice." (Quotations and citations omitted.) *Cantwell Mach.* at ¶ 14. *See, e.g., Phillips v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 12AP-965, 2013-Ohio-5699, ¶ 14-16 (holding that trial court's finding that the appellant failed to prove future damages for loss of earning capacity was not against the manifest weight of the evidence where appellant failed to prove that his injury impacted his capacity to work in a particular industry).

{¶ 14} Accordingly, we overrule appellant's fourth assignment of error.

{¶ 15} Next, we turn to appellant's first and second assignments of error. Appellant addresses these assignments of error together, and we will do the same. In his first assignment of error, appellant argues the magistrate and the Court of Claims erred by ruling that a violation of Post Order (J)(4) was not evidence of a lack of ordinary care. In his second assignment of error, appellant argues the magistrate and the Court of Claims erred by ruling that Post Order (J)(4) was not a safety provision and was solely a security measure. As explained above, we find the magistrate's conclusion that appellant was not returning from recreation was not against the manifest weight of the evidence. Post Order (J)(4) sets forth conditions to be applied when an inmate is returning from recreation. By concluding that appellant was not returning from recreation at the time of the incident, the magistrate effectively found that Post Order (J)(4) did not apply. Accordingly, appellant's first and second assignments of error, which relate to the magistrate's

conclusions regarding Post Order (J)(4), are rendered moot by our decision on appellant's fourth assignment of error.

{¶ 16} Accordingly, we render moot appellant's first and second assignments of error.

{¶ 17} In his fifth assignment of error, appellant asserts the magistrate erred by ruling that appellee did not breach its duty of care to him. This assignment of error effectively argues the magistrate's conclusion that there was no breach of the duty of care was against the manifest weight of the evidence. Similarly, in his sixth assignment of error, appellant argues the decisions of the magistrate and the Court of Claims were against the manifest weight of the evidence. Because both these assignments of error challenge the decisions as being against the manifest weight of the evidence, we consider them together.

{¶ 18} As explained above, we will not reverse a judgment as being against the manifest weight of the evidence if some competent, credible evidence supports all the essential elements of the case. *Coffman* at ¶ 10. Appellant asserted a negligence claim; therefore, he was required to show: (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach. *Price v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-11, 2014-Ohio-3522, ¶ 9. "While the state is not an insurer of the safety of inmates, the state generally owes a duty of reasonable care and protection from harm to inmates under its custody." *Id.* Appellant was also required to use reasonable care to ensure his own safety. *Id.*

{¶ 19} This court has previously held that it was not a breach of the duty of reasonable care when an inmate wearing handcuffs and a belly band was required to exit a van using a small wooden step for support. *Morgan v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 90AP-35 (Sept. 25, 1990). The court noted that the inmate testified he had previously navigated the wooden step safely and did not ask for any help. Under those circumstances, the court concluded that it was not against the manifest weight of the evidence to find that there was no breach of the duty of care. By contrast, in *Woods v. Ohio Dept. of Rehab. & Corr.*, 130 Ohio App.3d 742 (10th Dist.1998), we held it was a breach of the duty of care to an inmate to fail to provide safety restrains for a prisoner riding in a van while restrained in handcuffs, a belly band, and leg irons, because it was

reasonably foreseeable that the prisoner would encounter a dangerous situation while physically restrained in the back of a van lacking safety restraints. *Id.* at 745-46.

{¶ 20} Appellant argues the decision in this case was against the manifest weight of the evidence because he was ordered to ascend the stairs without an escort while wearing handcuffs connected to a belly band that restricted his ability to grasp the handrail or prevent himself from falling. Appellant asserts the corrections officers placed the restraints on too tightly, limiting his mobility. He further argues the corrections officers should have noticed that he was wearing shower shoes, which made ascending the stairs more difficult and increased the risk of falling. Appellant claims the testimony and evidence presented to the magistrate established a lack of supervision, disregard of danger to appellant, and a failure to protect appellant from that danger.

{¶ 21} The evidence demonstrated the stairs were constructed with open risers and a metal handrail on each side of the stairwell. There was no suggestion of any defect or flaw in the stairs. Appellant testified he had been removed from his cell and ordered to go downstairs on prior occasions, although he also testified that a corrections officer had always walked beside him when going down and up the stairs on those occasions. Appellant testified that the handcuffs and belly band were placed tightly, restricting his movement; however, he admitted that he climbed the stairs near the handrail and was holding the handrail with one hand while walking back up to the upper tier. Appellant further admitted it would have been possible, although difficult, for him to grasp the rail with two hands while climbing the stairs. Appellant testified he did not ask for assistance from the corrections officers, asserting he did not know that he was permitted to do so. Appellant stated he fell because his shower shoe hit the stair tread and asserted that he believed he should not have been permitted to leave his cell with shower shoes on. However, Hoesel testified that although inmates were required to wear some type of shoe, there was no policy restricting or prohibiting inmates from wearing shower shoes when leaving a cell.

{¶ 22} Based on the evidence presented to the magistrate, we find this case to be more analogous to *Morgan*, where the inmate was moving out of the van under his own power and had done so without problems in the past, than to *Woods*, where the inmate was not secured and was unable to protect himself against sudden movements by the van

driver. Appellant admitted he was able to hold the handrail while ascending the stairs. He also admitted he had previously gone up and down the stairs when removed from his cell. As noted, there was no evidence of any defect or dangerous condition on the stairs. Under these circumstances, on the facts of this case, the magistrate's conclusion that appellant failed to establish appellee breached its duty of care toward him was not so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a violation of substantial justice. *Cantwell Mach.* at ¶ 14. Therefore, the decision was not against the manifest weight of the evidence.

{¶ 23} Accordingly, we overrule appellant's fifth and sixth assignments of error.

{¶ 24} Finally, we turn to appellant's third assignment of error, in which he asserts the magistrate and Court of Claims erred by concluding that his own negligence contributed to his injuries. "The contributory fault of a plaintiff bars him from recovery if it exceeds the negligence of all other persons involved." *Lloyd v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-499, 2017-Ohio-2942, ¶ 17. *See also Gumins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-941, 2011-Ohio-3314, ¶ 23. However, having concluded that the magistrate and Court of Claims did not err by finding that appellee was not negligent, we need not reach the question of whether appellant's own negligence contributed to his injuries. *See Williams v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-1193, 2005-Ohio-2669, ¶ 16; *Genton v. Ohio Dept. of Natural Resources*, 10th Dist. No. 01AP-705, 2002-Ohio-2392, ¶ 31.

{¶ 25} Accordingly, we render moot appellant's third assignment of error.

## IV. Conclusion

{¶ 26} For the foregoing reasons, we overrule appellant's fourth, fifth, and sixth assignments of error, render moot his first, second, and third assignments of error, and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

TYACK, P.J., and SADLER, J., concur.