[Cite as *Matt v. Ravioli, Inc.*, 2014-Ohio-1733.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100553**

## MILDRED MATT

PLAINTIFF-APPELLANT

vs.

## RAVIOLI, INC., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-800237

**BEFORE:** E.A. Gallagher, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 24, 2014

**ATTORNEYS FOR APPELLANT**

Paul Grieco
Drew Legando
Landskroner Greico Merriman
1360 West 9th Street, Suite 200
Cleveland, OH    44113


**ATTORNEY FOR APPELLEES**

Robert P. Lynch, Jr.
Park Center Plaza II
6150 Oak Tree Boulevard, Suite 450
Independence, OH    44131

EILEEN A. GALLAGHER, J.:

{¶1} Mildred Matt appeals the decision of the trial court granting summary judgment in favor of Ravioli, Inc. Matt argues that genuine issues of material fact remain to be litigated and, thus, the trial court erred in granting summary judgment. Finding merit to the instant appeal, we reverse the decision of the trial court and remand for proceedings consistent with this opinion.

{¶2} On June 30, 2012, Matt attended a wedding reception held in the banquet room of Massimo da Milano, a restaurant operated by Ravioli, Inc. Matt had never been to the restaurant before, and when she arrived, she immediately went to her assigned dining table in the banquet room. Although Matt sat on an elevated portion of the banquet room, the path Matt followed to arrive at her table never required her to ascend any stairs. Matt remained at her table during the reception only leaving her table once to use the restroom. Again, Matt did not have to ascend or descend any stairs upon leaving or returning to the dining area.

{¶3} When it was time for Matt to leave, she began walking from her table toward the dance floor at the other end of which was an exit to the parking lot. This was a different path than that followed by Matt upon her arrival at the reception. At the time of her departure, the lights were low, the DJ was playing music at a high volume and people were dancing. Matt looked ahead as she walked from her table to the exit doors. Matt stated that she did not see a railing, warning signs or a step marked with lights on

her path to the front door. Matt testified that she believed that the floor was flat because of her experience throughout the evening but when she walked forward she fell between the dining and dancing area where there was indeed a step. Matt was transported to the hospital where it was determined that she had suffered a fractured hip.

{¶4} Matt filed suit against Ravioli, Inc. for the injuries she sustained as a result of the fall on June 30, 2012. Ravioli answered and filed a motion for summary judgment. In its motion, Ravioli argued that it had no duty to protect Matt from the step in the banquet hall because it was open and obvious and that it had no duty to protect Matt from the darkness of the reception hall as that is also an open and obvious condition. Ravioli, Inc. attached photographs that it used during Matt's deposition to its motion for summary judgment. The photographs depicted the raised platform containing seating in the banquet hall. Ravioli, Inc. also included photographs of warning signs to "watch your step" located on the columns throughout the banquet area as well as a railing in the center of the step.

{¶5} The trial court granted summary judgment in favor of Ravioli, Inc., finding that the step between the dining and dancing area in the banquet hall was open and obvious and that Ravioli, Inc. had no duty to warn against its condition. The court determined that no genuine issues of material fact remain to be litigated.

{¶6} Matt appeals, raising the following assigned error:

The trial court erred by granting summary judgment to the defendant when a genuine issue of material fact remained as to whether the hazard in question was open and obvious or not.

**{¶7}** This court reviews a trial court's grant of summary judgment de novo. *Ekstrom v. Cuyahoga Cty. Community College*, 150 Ohio App.3d 169, 2002-Ohio-6228, 779 N.E.2d 1067 (8th Dist.). Before summary judgment may be granted, a court must determine that

> (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

*State ex rel. Dussell v. Lakewood Police Dept.*, 99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, 791 N.E.2d 456, citing *State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

**{¶8}** In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998).

**{¶9}** In this case, there is no dispute that Matt was a business invitee. An owner or occupier of the premises owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985). A premises owner is obligated to warn invitees of latent or concealed dangers if the owner knows or has reason to know of hidden dangers. *Rogers*

*v. Sears*, 1st Dist. Hamilton No. C-010717, 2002-Ohio-3304. Where a hazard is not hidden from view, or concealed, and is discoverable by ordinary inspection, a trial court may properly sustain a motion for summary judgment made against the claimant. *Parsons v. Lawson Co.*, 57 Ohio App.3d 49, 566 N.E.2d 698 (5th Dist.1989).

{¶10} The Supreme Court of Ohio recognized in *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 82, 2003-Ohio-2573, 788 N.E.2d 1088, that the open-and-obvious doctrine relates to the threshold issue of duty in a negligence action. By focusing on duty, "the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it." *Id.* Where a condition is open and obvious, the premises owner is absolved from taking any further action to protect the plaintiff. *Id*. The open- and-obvious nature of the hazard serves as a warning, and the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. *Id*. at 80, citing *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 1992-Ohio-42, 597 N.E.2d 504. When the open-and-obvious doctrine is applicable, it obviates the duty to warn and acts as a complete bar to recovery. *Armstrong* at 80.

{¶11} The question of whether a danger is open and obvious is an objective one. *Goode v. Mt. Gillion Baptist Church*, 8th Dist. Cuyahoga No. 87876, 2006-Ohio-6936, ¶ 25. The fact that a plaintiff was unaware of the danger is not dispositive of the issue. *Id*. Hence, a court must consider whether, in light of the specific facts and circumstances of the case, an objective, reasonable person would deem the danger open

and obvious.  *See Stanfield v. Amvets Post No. 88*, 2d Dist. Miami No. 06CA35, 2007-Ohio-1896, ¶ 12.

{¶12} Notwithstanding the objective nature of the inquiry, the question of whether a danger is open and obvious is not always a question that can be decided as a matter of law simply because it may be visible.  *Furano v. Sunrise Inn of Warren, Inc.*, 11th Dist. Trumbull No. 2008-T-0132, 2009-Ohio-3150, ¶ 23; *Hudspath v. Cafaro Co.*, 11th Dist. Ashtabula No. 2004-A-0073, 2005-Ohio-6911.  To the contrary, the "attendant circumstances" of a slip and fall may create a material issue of fact regarding whether the danger was open and obvious.  *Id*.  Attendant circumstances involve all facts relating to the slip and fall, such as "the condition of the sidewalk as a whole, the volume of pedestrian traffic, the visibility of the defect, and whether the accident site was such that one's attention could easily be diverted."  *Armstrong v. Meade*, 6th Dist. Lucas No. L-06-1322, 2007-Ohio-2820, ¶ 14.  In effect, therefore, attendant circumstances include any distraction that might divert an ordinary person's attention in the same circumstances and consequently reduce the amount of care a reasonable person would exercise.  *Hudspath*, *supra*, at ¶ 19.

{¶13} In the present case, Matt entered the restaurant and proceeded directly to her table.  The path followed by Matt to her table did not require her to ascend any stairs.  It is unclear whether Matt even knew that her assigned table sat on an elevated portion of the banquet room.  Matt testified that she remained at her table during the reception, only leaving her table once to use the restroom.  Again, Matt did not have to ascend or

descend any stairs upon leaving or returning to the dining area at that time.  Further, Matt testified that when she was leaving the reception, the lights were dimmed, the DJ was playing loud music and people were dancing.  Matt stated that she did not see any lights, railings or signs indicating anything other than a flat surface across the banquet hall floor and that she did not know a step existed until she fell and fractured her hip.

{¶14} The trial court concluded that the step down into the banquet hall dance floor was an open-and-obvious hazard to Ravioli, Inc.'s business invitees.  Given the deposition testimony, this court determines that the attendant circumstances surrounding Matt's trip and fall are sufficient to create a genuine issue of material fact as to whether the danger at issue was obvious.  Matt never ascended a step to get to her dining table, she did not see any signs, railings or lights to indicate a step down onto the dance floor and that when she was leaving, people were dancing, the lights were dimmed and the DJ was playing music.

{¶15} As stated by the Eleventh District in *Meloy v. Circle K. Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837,

> To conclude that the hazard in this case was open and obvious as a matter of law, in light of the foregoing facts, would require this court to weigh the evidence and select among competing, reasonable inferences relating to the character and magnitude of the distractions as well as the other circumstances surrounding the incident; such an exercise, which is completely verboten in the context of summary judgment review, would be tantamount accepting appellee's interpretation of the nature of the danger it created and ignoring the mandate to "resolve all doubts in the nonmoving party's favor."

**{¶16}** We acknowledge that Matt may have been able to protect herself from the danger had she been looking at the ground prior to approaching the step. However, Ohio courts have emphasized that "the law does not impose an obligation on an individual to constantly look down while walking." *Hudspath,* 11th Dist. Ashtabula No. 2004-A-0073, 2005-Ohio-6911.

**{¶17}** Viewing the facts most strongly in Matt's favor, we hold that the trial court erred in finding the dangerous condition was open and obvious as a matter of law. The attendant circumstances demonstrate that an invitee attempting to cross a crowded dance floor with dimmed lights and loud music would not necessarily discover the stair especially because she had not traveled that same path upon her entry into the restaurant. We, therefore, conclude there is a genuine issue of material facts as to whether, in light of the specific circumstances of this case, the danger at issue was open and obvious.

**{¶18}** Matt's sole assigned error is sustained.

**{¶19}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellees her costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR