[Cite as *Watkins v. Scioto Downs, Inc.*, 2016-Ohio-3141.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

Billie L. Watkins et al.,                          :

        Plaintiffs-Appellants,          :          No. 15AP-985
                                                  (C.P.C. No. 14CV-8765)
v.                                                 :

Scioto Downs, Inc.,                                :          (REGULAR CALENDAR)

        Defendant-Appellee.             :

---

## D E C I S I O N

### Rendered on May 24, 2016

---

**On brief:** *Butler, Cincione & DiCuccio, Alphonse P. Cincione*, and *Chenee M. Castruita*, for appellants. **Argued:** *Chenee M. Castruita*

**On brief:** *Dickie, McCamey & Chilcote, P.C., Jessica R. Walter*, and *Joseph J. Golian*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiffs-appellants, Billie and James Watkins, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Scioto Downs, Inc. ("Scioto Downs"). For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} At approximately 2:00 p.m. on September 1, 2012, Mrs. Watkins and her daughter, Amy Zimmerman, arrived at Scioto Downs' Racino, a facility with slot machines and a horse racing track. Mrs. Watkins and Ms. Zimmerman purchased beverages and played a slot machine for a few minutes. Afterward, they decided to go to the buffet to eat. Mrs. Watkins held their beverages as they walked toward the buffet. As they walked and

talked to each other, Mrs. Watkins heard a loud noise, and Ms. Zimmerman told her that someone had won money. Mrs. Watkins then tripped and fell over a chair that another patron had tilted against a slot machine. Mrs. Watkins sustained injuries as a result of the fall.

{¶ 3} In August 2014, Mrs. Watkins filed a lawsuit against Scioto Downs, alleging two counts of negligence. In May 2015, Mr. Watkins joined the lawsuit as a plaintiff, and they filed an amended complaint adding a loss of consortium claim. A few weeks later, Scioto Downs moved for summary judgment, arguing in part that the chair that caused Mrs. Watkins to trip and fall was an open and obvious hazard. In support of its motion for summary judgment, Scioto Downs submitted, among other evidence, a surveillance video of the incident. In October 2015, the trial court found the chair to be an open and obvious hazard and therefore granted Scioto Downs' motion for summary judgment. Mr. and Mrs. Watkins timely appeal.

## II. Assignments of Error

{¶ 4} Mr. and Mrs. Watkins assign the following errors for our review:

> [1.] The trial court erred to the prejudice of plaintiffs-appellants as a matter of fact when deciding no genuine issue of material fact remained as to whether the condition causing plaintiff-appellant Billie Watkins' injury was open and obvious.

> [2.] The trial court erred to the prejudice of the plaintiffs-appellants as a matter of fact when deciding defendant-appellant was not negligent in failing to take reasonable precautions to prevent plaintiff-appellant Billie Watkins' injury.

## III. Standard of Review

{¶ 5} In reviewing a trial court's disposition of a summary judgment motion, an appellate court applies the same standard as the trial court and conducts an independent review without deference to the trial court's determination. *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992).

{¶ 6} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of facts, if any, timely filed in the action,

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Thus, summary judgment is appropriate when (1) there is no genuine issue of material fact remaining to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party.  *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

## IV.  Discussion

### A.  First Assignment of Error – Open-and-Obvious Doctrine

{¶ 7}   In their first assignment of error, Mr. and Mrs. Watkins assert that the trial court erred in applying the open-and-obvious doctrine.  They argue that there remains a genuine issue of material fact as to whether the condition causing her fall, the chair that was tilted against a slot machine, was an open and obvious condition.  We disagree.

{¶ 8}   In order to establish an actionable negligence claim, a plaintiff "must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom."  *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984).  In the absence of a duty, no legal liability for negligence can arise.  *Smallwood v. MCL, Inc.*, 10th Dist. No. 14AP-664, 2015-Ohio-1235, ¶ 7.  Whether a duty exists is a question of law for a court to determine.  *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989).

{¶ 9}   Mrs. Watkins was a business invitee when she entered the Racino.  Business owners owe business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so as not to unnecessarily and unreasonably expose invitees to danger.  *Byrd v. Arbors E. Subacute & Rehab. Ctr.*, 10th Dist. No. 14AP-232, 2014-Ohio-3935, ¶ 9, citing *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203 (1985).  However, business owners are not insurers of an invitee's safety or against all forms of accidents that may occur.  *Byrd* at ¶ 9, citing *Paschal* at 203-04. "No presumption or inference of negligence arises from the mere occurrence of an accident or from the mere fact that an injury occurred."  *Byrd* at ¶ 9.

{¶ 10} The "open-and-obvious doctrine relates to the threshold issue of duty in a negligence action."  *Matt v. Ravioli, Inc.*, 8th Dist. No. 100553, 2014-Ohio-1733, ¶ 10, citing *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 13.  If a

condition is open and obvious, "the premises owner is absolved from taking any further action to protect the plaintiff." *Matt* at ¶ 10. Thus, "[w]hen the open-and-obvious doctrine is applicable, it obviates the duty to warn and acts as a complete bar to recovery." *Id.* A dangerous condition "does not actually have to be observed by the claimant to be an open and obvious condition under the law. * * * Rather, the determinative issue is whether the condition is observable." *Kraft v. Johnny Biggs Mansfield, LLC*, 5th Dist. No. 2012 CA 0068, 2012-Ohio-5502, ¶ 16. "The rationale underpinning the open-and-obvious doctrine is that 'the open and obvious nature of the hazard itself serves as a warning, so that owners reasonably may expect their invitees to discover the hazard and take appropriate measures to protect themselves against it.' " *Price v. Dept. of Rehab & Corr.*, 10th Dist. No. 14AP-11, 2014-Ohio-3522, ¶ 10, quoting *Mann v. Northgate Investors LLC*, 10th Dist. No. 11AP-684, 2012-Ohio-2871, ¶ 9, *aff'd* 138 Ohio St.3d 175, 2014-Ohio-455.

{¶ 11} In the context of summary judgment, " '[i]f the record reveals no genuine issue of material fact as to whether the hazard was free from obstruction and readily appreciated by an ordinary person, the open and obvious nature of the danger may appropriately be determined as a matter of law.' " *Price* at ¶ 11, quoting *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 19. "However, a question remains for trial 'if reasonable minds could differ about whether the hazard was free from obstruction and readily appreciated by an ordinary person.' " *Price* at ¶ 11, quoting *Mayle* at ¶ 19.

{¶ 12} Relying on *Bierl v. BGZ Assocs. II, LLC*, 3d Dist. No. 9-12-42, 2013-Ohio-648, Mr. and Mrs. Watkins argue that Mrs. Watkins had little to no opportunity to perceive the tilted chair before she tripped. They also contend that the legs of the chair were not readily visible because they "blended in" with the design of the carpet. (Appellants' Brief, 15.) We disagree with these arguments. The facts here are distinguishable from *Bierl*, and Mr. and Mrs. Watkins' suggestion that the legs of the chair were camouflaged is not supported by the record. In *Bierl*, the plaintiff tripped on a metal brace as she was taking trash to a dumpster. The *Bierl* court found that the evidence suggested that the plaintiff had "little advance opportunity to perceive" the hazard because the hazard only became visible after she turned a corner near the dumpster. *Id.*

at ¶ 22.  Based on that evidence, the *Bierl* court resolved that a genuine issue of material fact remained as to whether the metal brace was open and obvious.  *Id.*

{¶ 13} Here, Mrs. Watkins tripped and fell over the legs of a chair that another patron had tilted against a slot machine.  The surveillance video of the incident shows that, as Mrs. Watkins approached the chair, nothing obstructed her view of the chair and its legs, but she was walking forward with her head generally turned to the right, away from the path she was taking.  When Mrs. Watkins' leg struck the chair, she was beginning to turn to the left.  Unlike in *Bierl*, Mrs. Watkins unquestionably had a reasonable opportunity to observe the hazard before she initiated her turn.  Furthermore, no reasonable jury could conclude that the hazard was obscured or concealed based on the coloring of the carpet in relation to the chair.  The carpet of the Racino had a busy pattern, with various colors throughout.  The chair, however, had an all-beige seat and back, four black legs, and a circular polished metal footrest that connected the legs.  Thus, the tilted chair was readily observable prior to Mrs. Watkins' fall.

{¶ 14} Even construing the evidence most strongly in favor of Mr. and Mrs. Watkins, reasonable minds could only conclude that the tilted chair was an open and obvious hazard because it was observable and appreciable by an ordinary person.  Therefore, Mr. and Mrs. Watkins failed to demonstrate that a genuine issue of material fact remained for trial.  As a matter of law, Scioto Downs owed no duty to warn Mrs. Watkins of the open and obvious hazard posed by the tilted chair.  Because the trial court properly granted Scioto Downs' motion for summary judgment, we overrule Mr. and Mrs. Watkins' first assignment of error.

### B.  Second Assignment of Error — Alleged Breach of Duty

{¶ 15} In their second assignment of error, Mr. and Mrs. Watkins argue that the trial court erred in not finding a genuine issue of material fact as to whether Scioto Downs breached its duty by failing to take reasonable precautions against foreseeable dangers.  However, because we have determined that the trial court did not err in applying the open-and-obvious doctrine to find Scioto Downs had no duty to warn Mrs. Watkins of the tilted chair, Mr. and Mrs. Watkins' second assignment of error is moot.

## V. Disposition

{¶ 16} Having overruled Mr. and Mrs. Watkins' first assignment of error and rendered moot their second assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and HORTON, JJ., concur.

_____