[Cite as *Woods v. Dept. of Rehab. & Corr.*, 2018-Ohio-603.]

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jeffery Woods, | : | |
| Plaintiff-Appellant, | : | No. 17AP-630 |
| | | (Ct. of Cl. No. 2016-00279) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on February 15, 2018

**On brief:** *Jeffery Woods*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Timothy M. Miller*, for appellee.

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Jeffery Woods, pro se, appeals from a judgment entry of the Court of Claims of Ohio adopting the magistrate's decision concluding Woods failed to prove his negligence claim against defendant-appellee, Ohio Department of Rehabilitation and Correction ("DRC"). For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} Woods is an inmate at the Marion Correctional Institution ("MCI"). On April 4, 2016, Woods filed a negligence complaint against DRC. After obtaining leave of court, Woods then filed an amended complaint against DRC on June 8, 2016. In the amended complaint, Woods alleged DRC, through its agent Aramark Corporation, served

Woods an undercooked brownie, causing Woods to become constipated. DRC filed an answer on June 23, 2016 denying any negligence.

{¶ 3} At a trial conducted before a magistrate on March 16, 2017 on the issue of liability only, the magistrate heard testimony from Woods as well as from Raymond Hall, another inmate at MCI; Doug O'Dell, a corrections officer at MCI; and Anthony Franklin, an employee of Aramark Corporation who supervises the kitchen at MCI. Following the trial, the magistrate issued a decision on May 15, 2017 recommending judgment in favor of DRC. The magistrate concluded Woods failed to prove his negligence claim by a preponderance of the evidence. More specifically, the magistrate concluded Woods failed to prove DRC breached any duty owed to Woods or that Woods' consumption of the allegedly under-baked brownie was the proximate cause of his constipation.

{¶ 4} Woods filed objections to the magistrate's decision on May 30, 2017, challenging the magistrate's factual conclusions. Specifically, Woods asserted in his objections that the testimony demonstrated that DRC did not provide Woods with a fully cooked brownie and that the magistrate erroneously construed an admission from Woods that he took medication that made him constipated. Woods filed a personal affidavit along with his objections, but he did not file a transcript of the testimony before the magistrate. DRC responded with a motion to strike Woods' objections on June 30, 2017, arguing Woods' objections did not satisfy the requirements of an affidavit of evidence under Civ.R. 53(D)(3)(b)(iii) and noting Woods failed to file a transcript of the evidence.

{¶ 5} In an August 2, 2017 judgment entry, the trial court noted that Woods did not file a transcript and therefore concluded that there was no error of law or other defect evident on the face of the magistrate's decision. Thus, the trial court overruled Woods' objections. The trial court then stated it was granting DRC's motion to strike the objections, adopted the magistrate's decision as its own, and entered judgment in favor of DRC. Woods timely appeals.

## II. Assignments of Error

{¶ 6} Woods assigns the following errors for our review:

> [1.] The trial court commited prejudicial error when the court overrule the plaintiff written objection to the magistrate decision for failure to provide trial hearing transcripts to

> support the plaintiff objection to the magistrate decision pursuant to Civ.R.53(D)(3)(b)(ii)(iii).
>
> [2.] The trial court commited prejudicial error in adopted the magistrate decision where the magistrate fail to determine ODRC defendant liability that rendered the trial court judgment not a final appealable order were appellate court have no jurisdiction over the appeal under ohio constitution Art IV § 3(B)(2) for the purpose of R.C. 2505.02(B)(1)(4)(B).

(Sic passim.)

## III. Standard of Review and Applicable Law

{¶ 7} Pursuant to Civ.R. 53, a trial court conducts a de novo review of a magistrate's decision, undertaking an independent review of the matters objected to in order to determine whether the magistrate has properly determined the factual issues and appropriately applied the law. *Watson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-606, 2012-Ohio-1017, ¶ 6, citing *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 15. By contrast, an appellate court reviews a trial court's adoption of a magistrate's decision under an abuse of discretion standard. *Id.*, citing *Mayle* at ¶ 15. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV. First and Second Assignments of Error – The Trial Court's Adoption of the
### Magistrate's Decision

{¶ 8} In his first and second assignments of error, Woods argues the trial court erred when it overruled his objections to the magistrate's decision and adopted the magistrate's decision. More specifically, Woods asserts in his first assignment of error that the trial court erred when it concluded that Woods' failure to file a transcript of the proceedings before the magistrate somehow limited the trial court's review. Woods asserts in his second assignment of error that the trial court erred in adopting the magistrate's decision.

{¶ 9} As we noted above, Woods filed objections to the magistrate's decision, but he did not file a transcript of the evidence submitted to the magistrate. Pursuant to Civ.R. 53(D)(3)(b)(iii), objections to a magistrate's factual findings "shall be supported by a

transcript of all the evidence submitted to the magistrate relevant to [those] finding[s] or an affidavit of that evidence if a transcript is not available." Woods did not file anything to indicate a transcript is not available. Instead, however, Woods filed a personal affidavit. "An affidavit under [Civ.R. 53(D)(3)(b)(iii)] must contain a description of all the relevant evidence, not just the evidence deemed relevant by the party objecting to the magistrate's findings." *Gumins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-941, 2011-Ohio-3314, ¶ 13. A comparison of Woods' affidavit with the magistrate's factual findings indicates that Woods' affidavit contains only partial recitations of the testimony and completely omits any mention of O'Dell's testimony. Thus, even if Woods had shown that a transcript was unavailable, due to its incomplete nature, Woods' affidavit fails to meet the requirements of the civil rules and is not a proper basis of support for his objections. *Id.*

{¶ 10} "If an objecting party fails to submit a transcript or affidavit, the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions." *Triplett v. Warren Corr. Inst.*, 10th Dist. No. 12AP-728, 2013-Ohio-2743, ¶ 13, citing *Ross v. Cockburn*, 10th Dist. No. 07AP-967, 2008-Ohio-3522, ¶ 5. Woods' failure to file a transcript of the proceedings before the magistrate ultimately limits this court's review of the trial court's decision. "On appeal of a judgment rendered without the benefit of a transcript or affidavit, an appellate court only considers whether the trial court correctly applied the law to the magistrate's factual findings." *Id.*, citing *Gill v. Grafton Corr. Inst.*, 10th Dist. No. 10AP-1094, 2011-Ohio-4251, ¶ 21.

{¶ 11} Woods argued DRC was negligent in serving him an allegedly under-cooked brownie. To establish an actionable negligence action, a plaintiff must show (1) the existence of a duty, (2) a breach of the duty, and (3) injury as a proximate result of the breach. *Watkins v. Scioto Downs, Inc.*, 10th Dist. No. 15AP-985, 2016-Ohio-3141, ¶ 8, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984); *Watson* at ¶ 7. As the plaintiff, Woods had the burden of proving each element of his negligence claim by a preponderance of the evidence. *Watson* at ¶ 7, citing *Parsons v. Washington State Community College*, 10th Dist. No. 05AP-1138, 2006-Ohio-2196, ¶ 24.

{¶ 12} The magistrate found Woods failed to prove his consumption of the brownie was the proximate cause of his constipation. There was no evidence that the brownie as

served posed an unreasonable risk of harm to Woods, and Woods acknowledged he takes prescription medication that causes constipation.  Given these factual findings, we conclude the trial court correctly applied the law to determine Woods could not prevail on his negligence claim because he did not prove the brownie was the proximate result of his injury.  Therefore, the trial court did not abuse its discretion in adopting the magistrate's decision.  We overrule Woods' first and second assignments of error.

## V.  Disposition

{¶ 13}  Based on the foregoing reasons, the trial court did not abuse its discretion in adopting the magistrate's decision where Woods did not support his objections to the magistrate's decision with a transcript or a properly filed affidavit of evidence under Civ.R. 53(D)(3)(b)(iii).  Having overruled Woods' two assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.