[Cite as *Robertson v. St. Clare Commons*, 2019-Ohio-3930.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Rebecca A. Robertson, Executor of
the Estate of John C. Voland

        Appellant

v.

St. Clare Commons

        Appellee

Court of Appeals No. WD-18-086

Trial Court No. 16 CV 484

**DECISION AND JUDGMENT**

Decided: September 27, 2019

* * * * *

Marvin A. Robon, R. Ethan Davis and Zachary J. Murry,
for appellant.

Terrance K. Davis and Nicholas T. Stack, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal from a November 6, 2018 judgment of the

Wood County Court of Common Pleas, granting summary judgment in favor of appellee,

Perrysburg skilled care nursing facility St. Clare Commons ("appellee"), and against

Rebecca Robertson ("appellant"), the executor of the estate of John Voland ("Voland"), a former patient in appellee's facility.

{¶ 2} The decedent drowned in a pond located on the expansive facility grounds in the course of travelling the grounds in his motorized wheelchair. Voland regularly travelled the grounds and enjoyed the liberty afforded him to travel the spacious property. It is unknown how this incident occurred. There were no witnesses to this lamentable event.

{¶ 3} Appellant's negligence-based summary judgment filing was denied on the basis of the applicability of the open and obvious doctrine, an affirmative defense to most incidents occurring in connection to an open body of water.

{¶ 4} The trial court found that there were no factors present which would operate to preclude the open and obvious doctrine from applying to this event. Thus, the court determined that the open and obvious doctrine applied and negated appellee from owing any duty to Voland, from which liability could potentially arise against appellee for Voland's death. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 5} Appellant sets forth the following assignment of error:

I. The Trial Court committed reversible error by entering summary judgment in favor of the Defendant-Appellee.

{¶ 6} The following undisputed facts are relevant to this appeal. On November 13, 2013, Voland voluntarily transferred his residency from another skilled care facility to

2.

appellee's Perrysburg facility. It is undisputed, and was consistently affirmed by the testimony of both family members and medical care providers, that despite Voland's advanced age, he remained cognitively sharp, alert, and functional.

{¶ 7} The record reflects that Voland selected this specific facility in order to enjoy the freedom offered by the peaceful 55-acre site, which included pathways, open spaces, a pond, and views of nearby land formerly farmed by Voland.

{¶ 8} Given Voland's ability to independently operate an electric scooter, as verified by an occupational therapy evaluation conducted by appellee, Voland routinely availed himself of the opportunity to travel the grounds in his electric scooter.

{¶ 9} Voland was often accompanied on these trips around the grounds by visiting relatives. Voland sometimes rode his motorized scooter around the pond which underlies this appeal. None of Voland's relatives or medical providers expressed reservations on any basis in connection to this activity.

{¶ 10} Tragically, on the morning of August 21, 2014, Voland was traveling on his electric scooter near the pond, and under unknown circumstances, fell into the pond and drowned. On August 17, 2016, appellant filed a wrongful death claim premised on appellee's negligence in connection to Voland's drowning death.

{¶ 11} On November 6, 2018, the trial court granted summary judgment in favor of appellee on the basis of an application of the open and obvious affirmative defense to the negligence claim arising from the drowning death in an open body of water by a

3.

cognitively sound, adult male capable of independent mobility with the use of a motorized device.

{¶ 12} In the disputed summary judgment ruling, the trial court held in pertinent part, in response to assertions that the open and obvious doctrine should not apply, "This is a rather tortuous argument that fails in light of the fact of Mr. Voland residing at St. Clare Commons for many months freely roaming the campus. Mr. Voland's children never raised any concerns * * * None of the medical professionals at St. Clare Commons entered any notes in Mr. Voland's records raising any concerns about Mr. Voland's mental and physical abilities."

{¶ 13} The trial court subsequently determined that, "In perceiving dangers and in taking precautions, Mr. Voland, even though he was residing in skilled nursing facility, possessed the same abilities as an adult residing in his own home * * * the court finds that the pond was an open and obvious danger and that Mr. Voland was of sound mind and body to perceive and protect himself from the danger of the pond." This appeal ensued.

{¶ 14} In the sole assignment of error, appellant alleges that the trial court erred in its summary judgment ruling against appellee based upon an application of the open and obvious doctrine to this negligence case. We do not concur.

{¶ 15} We note at the outset that appellate court review of a disputed summary judgment ruling is performed utilizing the same de novo standard as that used by the trial

4.

court.  *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 572 N.E.2d 198 (9th Dist.1989).

{¶ 16} Summary judgment will be granted when there remains no genuine issue of material fact and, when considering the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law.  Civ.R. 56(C).

{¶ 17} In the instant case, appellant's complaint was premised upon the alleged negligence of appellee proximately causing Voland's drowning death.  In other words, appellant asserted that appellee owed Voland a heightened duty of care in connection to the risks of coming into proximity to an open body of water.

{¶ 18} In order to establish an actionable negligence claim, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and an injury proximately caused by the breach.  *Watkins v. Scioto Downs Inc.*, 10th Dist. Franklin No. 15AP-985, 2016-Ohio-3141, ¶ 8.  In the absence of a duty, no legal liability for negligence can arise. *Smallwood v. MCL, Inc.*, 10th Dist. Franklin No. 14AP-664, 2015-Ohio-1235, ¶ 7.

{¶ 19} Specifically, this appeal is centered upon the propriety of applying the open and obvious doctrine to the drowning death of a mentally sound, mobile adult occurring in an open pond located on the premises where decedent resided for a considerable period of time prior to his tragic death.

{¶ 20} Ohio courts have consistently held that the danger of drowning in a body of water does constitute an open and obvious risk which generally both minors and adults

should be expected to be able to both appreciate and avoid. *Watkins v. Hartford-on-the-Lake, L.L.C.*, 10th Dist. Franklin Nos. 16AP-271/272, 2016-Ohio-7792, ¶ 33.

{¶ 21} The only narrow exceptions to this general rule involve cases in which the decedent is a child of such a tender age so as to have not developed the mental capacity to appreciate the risk being encountered, such as a case involving the drowning of a two-year-old in an aeration pond. *Fields v. Henrich*, 208 S.W.3d 353, 361 (Ct.App.Mo.2006). By contrast, this case involved a cognitively sound adult male capable of independent mobility.

{¶ 22} In conjunction with the above, Ohio landowners owe no duty of care to those lawfully present on the subject premises in connection to dangers which are open and obvious. *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5.

{¶ 23} The record of evidence in this case contains numerous deposition transcripts of both lay and expert witnesses. All of the transcripts consistently and irrefutably establish that Voland was cognitively intact and capable of independent mobility prior to this incident.

{¶ 24} In the deposition testimony of appellant's own physician, Dr. Schlaudecker unambiguously conveyed that in the course of his care of Voland he found Voland to be, "alert," a "competent individual," who exhibited, "the capacity," to independently determine his course of medical care. It cannot reasonably be maintained that such an

individual simultaneously lacked the cognitive ability to discern the dangers associated with being in close proximity to a pond.

{¶ 25} Notably, appellant presented no evidence in support of any notion that Voland suffered from any defects or malfunction which would have potentially compromised his ability to discern the dangers of being in close proximity to open bodies of water.

{¶ 26} The deposition testimony of both lay and expert witnesses consistently demonstrated that Voland possessed the capacity and the will to regularly, independently travel the grounds of the facility in his motorized scooter.

{¶ 27} In the deposition testimony of appellant, counsel for appellee inquired, "Your father while he was at St. Clare Commons had free rein to move about the facility with his motorized wheelchair, true?"  Appellant replied, "Yes.  Yes."  Counsel next inquired, "And that's something he wanted?"  Appellant replied, "Yes."  Counsel further inquired, "And that's something your family wanted for him?"  Appellant replied, "Yes." Lastly, counsel inquired, "*Were there any restrictions of any kind on your father's ability to move about inside or outside the * * * facility*?"  (Emphasis added).  Appellant correctly replied, "No."

{¶ 28} The record reflects that Voland possessed the cognitive ability and function to appreciate the open and obvious risks associated with being in close proximity to the open pond located on appellee's grounds, where Voland had resided for a considerable period of time prior to his death.

7.

{¶ 29} The record further reflects that Voland possessed the capacity and the will to make independent determinations regarding both his medical care decisions and decisions governing his comings and goings around the facility and grounds.

{¶ 30} The record is devoid of any evidence in support of the notion that appellant lacked any skills or functioning so as to arguably avoid an application of the open and obvious doctrine to this matter.

{¶ 31} Given that the subject pond undeniably constituted an open and obvious risk, and given that Voland possessed the requisite functioning to appreciate that open and obvious risk, reasonable minds can only conclude as a matter of law that appellee owed no duty of care in connection to Voland traveling near the pond so as to potentially bear liability arising in negligence to appellant in this case.

{¶ 32} Based upon these facts and circumstances, and our de novo review of this matter, we find that reasonable minds could only conclude that appellee is entitled to judgment as a matter of law on the underlying negligence claim. As such, the trial court properly granted summary judgment in favor of appellee.

{¶ 33} We note that this court struck several of appellant's briefs. Even in the final, non-stricken brief, appellant again falsely claimed that appellee never assessed Voland regarding his ability to operate his motorized wheelchair on the facility grounds. The record of evidence clearly belies this assertion given that the deposition testimony of Voland's own physician reflected otherwise.

**{¶ 34}** Lastly, in a footnote of appellee's amended merit brief to this court, appellee has requested that this court strike Appendix 5 of appellant's final corrected brief filed with this court. Appendix 5 consists of a local police report that is not part of the trial court record properly before this court on appeal. Accordingly, pursuant to App.R. 9(A), appellee's motion to strike is hereby granted.

**{¶ 35}** On consideration whereof, we find appellant's sole assignment of error not well-taken. The judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this case pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                     _____
                                                                  JUDGE
Thomas J. Osowik, J.

                                             _____
Gene A. Zmuda, J.                                         JUDGE
CONCUR.

                                             _____
                                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.